IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXTER STURGEON, JR. (TDCJ No. 1650438), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-130-K-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Dexter Sturgeon, Jr., a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Because Sturgeon's habeas application is an unauthorized successive petition, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

Sturgeon again challenges – asserting that he is actually innocent of – his Dallas County convictions for aggravated sexual assault of a child younger than 14. *See State v. Sturgeon*, Nos. F09-32977 & -32976 (265th Jud. Dist. Ct., Dallas Cty., Tex.), *aff'd*, Nos. 05-10-00672-CR & -00673-CR, 2011 WL 5042087 (Tex. App. – Dallas Oct. 25,

2011); Dkt. No. 3 at 2-3. The Texas Court of Criminal Appeals (the "CCA") refused his petitions for discretionary review. *See Sturgeon v. State*, PD-1747-11 & -1748-11 (Tex. Crim. App. Apr. 25, 2012). Sturgeon did not file a petition for certiorari with the Supreme Court of the United States. Years later, he sought state habeas relief. *See Ex parte Sturgeon*, W09-32976A & -32977A (265th Jud. Dist. Ct., Dallas Cty., Tex.). On November 8, 2017, the CCA denied those petitions without written order on the trial court's findings without a hearing. *See Ex parte Sturgeon*, WR-87,548-01 & -02 (Tex. Crim. App.). And the Court denied his initial Section 2254 application concerning these convictions with prejudice as time-barred. *See Sturgeon v. Davis*, No. 3:17-cv-3365-G-BN, 2018 WL 1721941 (N.D. Tex. Mar. 21, 2018), *rec. accepted*, 2018 WL 1718076 (N.D. Tex. Apr. 9, 2018).

**Legal Standards and Analysis**

28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition

based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Sturgeon's current claims are an attack on his underlying convictions – and, more to the point, allege defects in those convictions that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id.* at 222.

He is therefore currently attempting to present claims that are successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").[1]

Sturgeon's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

And, because this appears to be Sturgeon's first successive habeas application, the Court should cure the want of jurisdiction by transferring the application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 21, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE